**HEATHER HILLS HOME OWNERS ASSN. v. CAROLINA CUSTOM DEV. CO.**

[100 N.C. App. 263 (1990)]

option was not independent of the term contracted for; when the lease term expired so did the option. It was a "continuing" option for whatever period the lease term existed or was extended to. It did not continue after the lease term ran out and defendant chose not to extend it.

Affirmed.

Judges ARNOLD and COZORT concur.

---

HEATHER HILLS HOME OWNERS ASSOCIATION v. CAROLINA CUSTOM DEVELOPMENT COMPANY, INC., SAINT ANDREWS PROPERTIES, RICHARD B. ANDERSON AND RICHARD E. FORD

No. 8921SC1109

(Filed 4 September 1990)

1. **Corporations § 31 (NCI3d) — negligent curb and gutter work — liability of successor corporation — summary judgment for defendants improper**

    Summary judgment should not have been granted for defendant Saint Andrews Properties and its two partners where plaintiff alleged that paving, curbing and guttering had been negligently constructed by defendant Carolina Custom Development Co., Inc. and had caused water damage to condominium units and common areas, that the corporation deeded all of the lots it owned to defendant Saint Andrews Properties, a partnership, and then dissolved, that defendant Saint Andrews is a successor organization to the corporation and that the individual defendants are general partners, and that plaintiff recover jointly and severally of all of the defendants. Defendants, as movants, had the burden of showing that plaintiff's action is unenforceable, and neither the affidavits nor the papers relating to the sale of the property from Carolina Custom Development to Saint Andrews showed that Saint Andrews is not a successor organization to Carolina Custom Development.

    **Am Jur 2d, Corporations §§ 2704, 2705.**

2. **Corporations § 28 (NCI3d) — negligent paving and guttering — corporation dissolved — liability of director**

Summary judgment was properly granted for defendant Anderson in an action for negligent paving and guttering by a dissolved corporation of which Anderson had been a director where plaintiff's allegations, liberally viewed, cannot be construed to allege that the company's assets were distributed by its officers without providing for its known and reasonably ascertainable liabilities.

**Am Jur 2d, Corporations § 2870.**

APPEAL by plaintiff from order entered 1 May 1989 by *Judge Lester P. Martin, Jr.* in FORSYTH County Superior Court. Heard in the Court of Appeals 29 May 1990.

*Law Firm of Victor M. Lefkowitz, by Geoffrey C. Mangum, for plaintiff appellant.*

*House & Blanco, by Peter J. Juran, for defendant appellees Saint Andrews Properties and Richard B. Anderson.*

*Henry P. Van Hoy, II for defendant appellee Richard E. Ford.*

PHILLIPS, Judge.

Plaintiff's action against defendants Saint Andrews Properties and the individual defendants was dismissed by an order of summary judgment. The complaint alleges in substance that some paving, curbing and guttering in the Heather Hills subdivision in Winston-Salem that the subdivision owner, defendant Carolina Custom Development Company, Inc., negligently constructed between 1981 and 1985 caused water damage to some condominium units and common areas which plaintiff is responsible for maintaining; that before the corporation was dissolved it deeded all lots still owned to defendant Saint Andrews Properties, a partnership, on 27 November 1985; that defendant Saint Andrews is a successor organization to the corporation and the individual defendants are general partners therein; and that for the damage caused by the negligence of defendant corporation it is entitled to recover jointly and severally of all the defendants.

[1] The actions against Saint Andrews and its partners were properly dismissed only if the pleadings, affidavits and other materials

of record establish as a matter of law that Saint Andrews Properties is not a successor organization of the dissolved corporation. This is so because the complaint alleges that plaintiff's damage was caused by Carolina Custom Development Company and under the allegations made the partnership and its partners can be liable to plaintiff for that company's obligations only if the partnership succeeded to its interests, as the complaint alleges.

Of the several ways that an organization can succeed to the interests of a corporation whose property it buys the only way that defendant partnership could be the successor of defendant corporation under the record in this case is if it was "a 'mere continuation' of the selling corporation" and had somewhat "the same shareholders, directors, and officers." *Budd Tire Corp. v. Pierce Tire Co.*, 90 N.C. App. 684, 687, 370 S.E.2d 267, 269 (1988). *See also Panther Pumps & Equipment Co., Inc. v. Hydrocraft, Inc.*, 566 F.2d 8 (7th Cir. 1977), *cert. denied in Beck v. Morrison Pump Co., Inc.*, 435 U.S. 1013, 56 L.Ed.2d 395 (1978). In undertaking to establish that Saint Andrews Properties is not a successor organization of the dissolved corporation and is not composed of substantially the same investors as the corporation, the appellees relied upon the affidavits of defendants Anderson and Ford, the partnership agreement, the corporation's deed to Saint Andrews Properties, and other papers relating to the sale. Though the deed and other documents are in proper form, they do not establish the relationship between the two organizations, and the affidavits of defendants Anderson and Ford were submitted for that purpose. In pertinent part Anderson's affidavit states:

> 8. . . . That deed shows that taxable consideration in the amount of $1,047,500.00 was paid for the property in question.

> 9. Although several members of the partnership were also shareholders in the corporation, a number of partners were not involved in the corporation and the partnership was formed for the purpose of purchasing from the corporation at arm's length certain properties for a separate commercial enterprise.

Ford's affidavit, in the same vague, indirect, conclusory vein, states:

> 5. Some of the partners of Saint Andrews Properties were also shareholders in the corporation; however, a substantial number of the partners in Saint Andrews Properties were not involved in the corporation. The partnership dealt with

the corporation at arms length in the purchase of the properties for a separate commercial enterprise to be carried out by the partnership.

These affidavits, more conclusory than factual, do not establish, as appellee movants had the burden to establish, that Saint Andrews is not a successor organization of the seller corporation. They do not identify the partners and say which ones were and were not investors in the corporation and to what extent; they do not say what amount of money, if any, each partner put into the partnership; they do not say that the purchase price recited in the deed was in fact paid to the corporation or explain how payment was made; they do not say what the fair market value of the lots was. These voids in appellees' forecast of evidence are not filled by the bare assertion that the transaction between the two organizations was at arm's length; and that assertion is contradicted to some extent by the fact that the corporate seller's deed to the partnership was executed by two partners of the buyer — defendant Anderson as President, and defendant Ford as Secretary. That plaintiff did not contradict defendants' affidavits does not establish, as appellees argue, that summary judgment was correctly entered and the appeal is frivolous. Defendants, as movants, had the burden of showing that plaintiff's action is unenforceable and since their affidavits and other materials do not show that, a response was not required. *Steel Creek Development Corp. v. James*, 300 N.C. 631, 268 S.E.2d 205 (1980). Thus, in dismissing the action alleged against defendant Saint Andrews and its two partners the order is erroneous, and we reverse it.

[2]   Plaintiff's argument that an issue of fact also exists as to defendant Anderson's liability as a director of the developing corporation has no basis. No such claim has been alleged against him. The basis for defendant Anderson's liability that plaintiff apparently had in mind was that created by former G.S. 55-32(e) (1982), still in force when plaintiff's cause arose, which reads as follows:

> (e) The directors of a corporation who vote for or assent to any distribution of assets of a corporation to its shareholders during the liquidation of the corporation without the payment and discharge of, or making adequate provision for, all known or reasonably ascertainable debts, obligations, and liabilities of the corporation shall be jointly and severally liable to the corporation for the value of such assets which are distributed,

to the extent that such debts, obligations and liabilities of the corporation are not thereafter paid and discharged.

As is plainly stated the basis for holding a director liable for the debts of his dissolved corporation under this statute is distributing the company's assets without providing for "all known or reasonably ascertainable . . . liabilities of the corporation." The complaint in this case does not allege that any such distribution was made; nor does it allege that Carolina Custom Development Company's liability to plaintiff was either known or reasonably ascertainable when the distribution was made. All that the complaint alleges along this line is that: Before the corporation was dissolved the condominium units it still owned "became the property of Saint Andrews Properties"; Anderson was the president and director of the corporation; and plaintiff is entitled to recover of all the defendants jointly and severally for the damage caused by Carolina Custom Development Company's negligence. These allegations, liberally viewed, cannot be construed to allege that the company's assets were distributed by its officers without providing for its known or reasonably ascertainable liabilities. Sifted down, they only allege that defendant Anderson was an officer and director when the corporation was dissolved, and under our law that is no basis for holding one liable for a corporation's debts. No claim of director's liability having been alleged against defendant Anderson, the dismissal of that claim is affirmed.

Affirmed in part; reversed in part.

Judges ARNOLD and COZORT concur.